IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINANCIAL RESOURCES GROUP, LLC,
A St. Thomas, Virgin Island corporation, and
ANTHONY MERLO, an individual,

        Plaintiffs,                        Case No.

v.                                     Hon.

JOHN A. CAMPBELL, Esq., an individual,
and MILLER, CANFIELD, PADDOCK &
STONE, PLC, a Michigan professional limited
liability company,

        Defendants.

_____

CHARFOOS & CHRISTENSEN, P.C.
By:    J. Douglas Peters (P25686)
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit, Michigan 48202
(313) 875-8080
jdpeters@c2law.com

BARRIS, SOTT, DENN & DRIKER, PLLC
By:    Sharon M. Woods (P22542)
          Kevin Kalczynski (P57929)
          Melonie L. M. Stothers (P65344)
Attorneys for Defendant Miller, Canfield,
Paddock & Stone, PLC
211 W. Fort St., 15th Floor
Detroit, MI 48226
(313) 965-9725
swoods@bsdd.com; kkalczynski@bsdd.com;
mstothers@bsdd.com

_____

## NOTICE OF REMOVAL BASED UPON DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Miller, Canfield, Paddock &

Stone, PLC ("Miller Canfield") respectfully submits this Notice of Removal of this action from the

Circuit Court for the County of Wayne, State of Michigan, in which court this action is currently

pending, to the United States District Court for Eastern District of Michigan, Southern Division,

being the district and division located in the county within which this action is currently pending. In support of this Notice of Removal, Miller Canfield states the following:

1.      On November 20, 2009, Plaintiffs Financial Resources Group, LLC, and Anthony Merlo ("Plaintiffs") commenced this action against Defendants John A. Campbell, Esq. ("Campbell") and Miller Canfield in the Circuit Court for the County of Wayne, State of Michigan.

2.      Miller Canfield has not yet been served with a copy of the summons and complaint in this action, but obtained a copy of the complaint through other means.

3.      Pursuant to 18 U.S.C. § 1446(a), a copy of the complaint obtained by Miller Canfield is attached here as Exhibit A.

4.      Plaintiff Financial Resources Group, LLC ("FRG") is an Island of St. Thomas, United States Virgin Islands, corporation with its principal place of business in United States Virgin Islands. *See* Complaint, ¶ 2. At the time of filing the complaint, at the time of removal, and at all intervening times, FRG was a resident and citizen of the Island of St. Thomas, United States Virgin Islands.

5.      At the time of filing the complaint, at the time of removal, and at all intervening times, plaintiff Anthony Merlo ("Merlo") has been a resident and citizen of the State of New Hampshire. *See id.* at ¶ 3.

6.      At the time of filing the complaint, at the time of removal, and at all intervening times, defendant Campbell has been a resident and citizen of the State of Michigan.

7.      Defendant Miller Canfield is a Michigan professional limited liability company with over a hundred members and offices throughout Michigan and in the States of Illinois, Ohio, Florida, and New York and the Countries of Canada, Poland, and China. None of Miller Canfield's members

2

were residents or citizens of the State of New Hampshire or St. Thomas in the United States Virgin Islands at the time of filing the complaint, at the time of removal, nor during intervening times.

8.      Complete diversity of citizenship exists between Plaintiffs and Defendants.

9.      The claims advanced in the complaint against Defendants arise out of Miller Canfield and Campbell's alleged legal representation of Plaintiffs.

10.      In compliance with E.D. Mich. L.R. 81.1(b), Miller Canfield alleges that the amount in controversy exceeds the $75,000 statutory minimum.  Plaintiffs allege a claim of legal malpractice based upon, among other things, breaches of fiduciary duty and negligent drafting and research of a legal opinion letter.  Complaint, ¶¶ 30-32.  Plaintiffs also alleged a claim of fraud based upon the same legal opinion letter that was written by Campbell while he was in the employ of Miller Canfield. *Id.* at ¶¶ 33-35.  Plaintiff Merlo further alleges that he was ensnared into a conspiracy to defraud  the federal government by the opinion letter, which resulted in his guilty plea to federal criminal charges.  *Id.* at ¶¶ 6-28, 31(c).  Plaintiffs' seek damages in this action including but not limited compensation for criminal indictment, lost income, loss of business, legal fees, IRS penalties, emotional damages, exemplary damages for the alleged acts of fraud, and its attorney fees and costs for bringing this suit.  *Id.* at ¶ 37.

11.      This Notice fo Removal is timely because it has been filed within 30 days after the receipt by Miller Canfield of the complaint and before Miller Canfield or Campbell were served with the summons and complaint, which starts the time for filing a notice of removal.  28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

12.      This Court has original jurisdiction over the claims asserted by Plaintiffs against Defendants under 28 U.S.C. § 1332 because Plaintiffs' claims present a controversy between parties

of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, the case is removable under 28 U.S.C. § 1441(a).

13.     Miller Canfield desires to exercise its rights under 28 U.S.C. §§ 1332 and 1441 to remove this action from the Circuit Court for the County of Wayne for the State of Michigan to this Court.

14.     Consent to removal was not obtained from Campbell because he has not yet been served with the summons and complaint in this action.

15.     Miller Canfield reserves the right to file additional support for this Notice of Removal by way of affidavits, declarations, documentary evidence, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

16.     Contemporaneously with the filing of this Notice of Removal, written notice has been served on the Plaintiffs through counsel of record and served on Campbell through his counsel and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the County of Wayne for the State of Michigan.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Melonie L. M. Stothers
    Sharon M. Woods (P22542)
    Kevin Kalczynski (P57929)
    Melonie L. M. Stothers (P65344)
Attorneys for Defendant Miller, Canfield, Paddock &
Stone, PLC
211 W. Fort Street, 15th Floor
Detroit, Michigan 48226-3281
Telephone: (313) 965-9725
Facsimile:  (313) 965-2493
swoods@bsdd.com; kkalczynski@bsdd.com;
mstothers@bsdd.com

Dated: December 18, 2009
385331.3

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, December 18, 2009, I electronically filed: (1) Notice of Removal Based upon Diversity Jurisdiction; and (2) this Certificate of Service with the Clerk of the Court using the ECF system, filed a copy with the Circuit Court for the County of Wayne, State of Michigan, and served a copy via e-mail and first-class mail upon:

J. Douglas Peters, Esq.
CHARFOOS & CHRISTENSEN, P.C.
Attorneys for Plaintiffs
5510 Woodward Avenue
Detroit, Michigan 48202
jdpeters@c2law.com

George Donnini, Esq.
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
donnini@butzel.com

David Dumouchel, Esq.
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
dumouchd@butzel.com

Parties may access this filing through the Court's system.

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Melonie L. M. Stothers
        Melonie L. M. Stothers (P65344)
Attorneys for Defendant Miller, Canfield, Paddock
& Stone, PLC
211 W. Fort Street, 15th Floor
Detroit, Michigan 48226-3281
Telephone: (313) 965-9725
Facsimile: (313) 965-2493
mstothers@bsdd.com

6

# Exhibit A



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FINANCIAL RESOURCES GROUP, LLC,
a St. Thomas, Virgin Island corporation
and ANTHONY MERLO, an Individual,

        Plaintiffs,

vs.

JOHN A. CAMPBELL, Esq. and MILLER,
CANFIELD, PADDOCK & STONE, PLC,
a Michigan corporation,

        Defendants.



FINANCIAL RESOURCES GROUP LLC , e
Hon. Robert J Colombo, Jr.   11/20/2009

09-028693-NM

CHARFOOS & CHRISTENSEN, P.C.
By:  J. DOUGLAS PETERS (P25686)
Attorneys for Plaintiff
5510 Woodward Avenue
Detroit Michigan 48202
(313) 875-8080 / (313) 875-8522-Fax



**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
as alleged in the Complaint.

J. Douglas Peters (P25686)

NOW COME the Plaintiffs, FINANCIAL RESOURCES GROUP, LLC, and

ANTHONY MERLO, by and through his attorneys, CHAROOS & CHRISTENSEN, P.C.,

and for their Complaint, states as follows:

    1.    This is a legal malpractice claim arising out of the relationship between

Plaintiff/clients FINANCIAL RESOURCES GROUP, LLC and ANTHONY MERLO against

attorney Defendants JOHN A. CAMPBELL and his employer, the law firm of MILLER CANFIELD PADDOCK & STONE, PLC.

2.      Plaintiff FINANCIAL RESOURCES GROUP, LLC, was incorporated on the Island of St. Thomas in the U.S. Virgin Islands and has done business in the United States of America, including Michigan.

3.      Plaintiff ANTHONY MERLO, the former Managing Director of Financial Resources Group, LLC, resides in the City of Portsmouth, County of Strafford, State of New Hampshire, did business in the City of Detroit, County of Wayne, State of Michigan.

4.      That Defendant JOHN A. CAMPBELL, a partner with Co-Defendant MILLER CANFIELD PADDOCK & STONE, was an attorney licensed and practicing in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

5.      That Defendant MILLER CANFIELD PADDOCK & STONE is a law firm based in and doing business in the City of Detroit, County of Wayne, State of Michigan.

6.      In 1995, Plaintiff Anthony Merlo entered into a business relationship with his then next door neighbor, Peter Peggs, and with others, to do consulting work related to selling financial instruments and insurance.

7.      During the course of the business relationship with Peggs, and others, a company called Caduceus Life Insurance Co. (CLIC) was formed and was later re-named Security Trust Insurance Co. (STI)

2

8.   On or about August of 1999, Plaintiff Anthony Merlo met with Craig Stone.  Stone was interested in identifying new financial products that he would be able to market to corporations and individuals through their law firms.   Stone decided that he wanted to market STI's Loss of Income (LOI) program but to do so he needed a well-known law firm to give its imprematura to the LOI product as several people had previously suggested this product might run afowl of Internal Revenue Service regulations.

9.   In 1999, Plaintiff MERLO, Peggs and others, also wanted a major law firm Opinion Letter on the LOI product.

10.   In 1999, Plaintiff MERLO and Plaintiff FINANCIAL RESOURCES GROUP, LLC, agreed to consult with CABEL, an association set up to sell insurance and investment products around the world, including those of STI.

11.   Shortly thereafter, in 1999, Craig Stone became a contractor (salesman) to recruit members to join CABEL, and Craig Stone wanted to target the law firm market and their clients for sale of their products, including LOI.

12.   It was custom and practice for the Plaintiffs to secure Opinion Letters from a major law firm for each of the products they sold, to give investors and purchasers a sense of comfort.  In this vein, Craig Stone felt that they should seek such an Opinion Letter regarding their LOI product, as the LOI was the only product for which they didn't have an Opinion Letter from a major law firm.

3

13.   Craig Stone, because of the long standing relationship with Defendants attorney John Campbell and Miller Canfield Paddock & Stone, felt that these were the people to write the Opinion Letter on the LOI product.

14.   In August of 1999, Craig Stone set up a meeting between John Campbell, Peter Peggs and Anthony Merlo to set the process in motion to secure an Opinion Letter from the Defendants.

15.   Regarding the Opinion Letter, Craig Stone, Peter Peggs and John Campbell took the lead on the Opinion Letter project.

16.   Plaintiff ANTHONY MERLO, through Plaintiff FINANCIAL RESOURCES GROUP, LLC, contributed half of the legal costs of researching and preparing the Opinion Letter.  This started a legal relationship with the Defendants that extended through early 2002.

17.   Defendants JOHN CAMPBELL and MILLER CANFIELD PADDOCK & STONE (MCP&S) presented their Opinion Letter in 1999.   However, Plaintiff ANTHONY MERLO, asked the Defendants for a Peer Review of the Opinion Letter by other Miller Canfield Paddock & Stone partners to make sure the LOI was absolutely kosher.  The confirmatory Peer Review followed.  The Peer Review partners from MCP&S are believed to be Vern Bennett and Orin Brustad.

18.   The LOI product was sold between December, 1999, and beyond the Spring of 2002, when Plaintiff ANTHONY MERLO ended his business relationship with Security Trust and CABEL.

4

19.   In 2005, Plaintiffs heard that the U.S. Attorney's office in Ohio had indicted individuals in Ohio (Buddy's Carpets) for taking an improper or fraudulent deduction for the LOI product sold to them by the Plaintiffs.  The Internal Revenue Service claimed the deduction produced by the LOI was a sham.

20.   In December, 2006, Plaintiff MERLO was told by acquaintance Richard Bunstein that the Internal Revenue Service wanted to talk with him about any information that could be provided for their investigation.

21.   Plaintiff ANTHONY MERLO called the Internal Revenue Service in December of 2006, to offer his support, unaware at the time of any possible wrong-doing on his part.

22.   In or around January of 2007, Plaintiff ANTHONY MERLO, met with the Internal Revenue Service and a U.S. Attorney in Boston.  They wanted information from the Plaintiff regarding the names of all of the CABEL members and other information on the LOI product.

23.   In March of 2007, ANTHONY MERLO was told he might be called to testify before a Grand Jury.

24.   Peter Peggs, Craig Stone and Robert Larsen were federally indicted on October of 2007, for Income Tax Evasion and Conspiracy.

25.   In January of 2008, the Internal Revenue Service informed Plaintiff ANTHONY MERLO that he was a target of the Grand Jury.

26.   In February of 2008, Plaintiff ANTHONY MERLO was told he would be indicted.

5

27.    ANTHONY MERLO was indicted on March 2, 2008, in a Superseding Indictment which also included Peter Peggs, Robert Larsen, Craig Stone, Oskar Rene Poch and Defendant attorney John A. Campbell.    Unlike the others, Plaintiff MERLO was only indicted for being part of a conspiracy – but not tax evasion.

28.    On May 22, 2009, ANTHONY MERLO pled guilty to the federal charges.   This created the injury that created the Plaintiffs' damage, or fourth element of negligence, in this legal malpractice case.

29.    Damages in this case exceed $50,000.00 and jurisdiction is vested in this court.

## COUNT I – NEGLIGENCE AND PROFESSIONAL NEGLIGENCE

30.    Plaintiffs restate and incorporate all of the preceding paragraphs as if repeated verbatim herein.

31.    That Defendants, JOHN CAMPBELL, MILLER CANDFIELD PADDOCK & STONE and its agents and employees, the peer review partners of MILLER CANFIELD PADDOCK & STONE, deviated from the accepted legal standards of care in the following regards:

a)  The Defendants breached their fiduciary duties to the Plaintiffs by failing to conduct adequate research and by failing to properly draft the subject Opinion Letter so as to fairly disclose the complete structure of the LOI transaction and the legal uncertainties of the LOI, or indeed, the potential fraudulent nature of the LOI product.

b)  The Defendants acted in a negligent fashion by having conflicts of interest because of their prior dealings between Craig Stone and Defendant John Campbell so that their ultimate Opinion Letter led the Plaintiffs to believe that the LOI was a legitimate product that was safe to sell and would not cause harm (IRS penalties and

6

sanctions, legal fees emotional distress loss of income, loss of business, and other damages) as a result of perpetuating a fraudulent tax scheme.

c) That Defendants conspired with Craig Stone, Peter Peggs and Robert Larsen to construct the subject Opinion Letter which ensnared Plaintiff ANTHONY MERLO in a conspiracy to defraud the Federal Government.

d) The Defendants did negligent research and/or drew negligent conclusions from the research they conducted.

e) The Defendant, MILLER CANFIELD PADDOCK & STONE breached its fiduciary duty by implicating the Plaintiffs and their partner, Defendant JOHN CAMPBELL, in order to exculpate the Firm once the federal investigation began.

f) The Defendant MILLER CANFIELD PADDOCK & STONE failed to supervise their partner Co-Defendant JOHN CAMPBELL thus allowing him to deviate from standard legal practice and/or conspire with Stone Larsen and Peggs, against the Plaintiffs.

g) The Defendant MCP&S failed to have/or failed to enforce policies to select Opinion Letter peer Reviewers and Peer Review standards regarding the vetting of Opinion Letters.

32.   As a direct and proximate result of Defendants' negligence, Plaintiffs suffered significant damages as more fully set forth below.

## COUNT II – FRAUD

33.   Plaintiffs restate and incorporate all of the preceding paragraphs as if repeated verbatim herein.

34.   The Defendants committed fraud on the U.S. Government, the U.S. Taxpayers and purchasers of Plaintiffs' LOI product by:

a) Authoring and peer-reviewing an Opinion Letter regarding an insurance product that defrauded the U.S. Government, the U.S. taxpayers and purchasers of Plaintiffs' LOI product.

7

b) Causing Plaintiffs, and purchasers of the LOI product to rely on Defendants fraudulent Opinion Letter to their detriment.

35.    As a direct and proximate result of Defendants' fraud, Plaintiffs suffered significant damages as more fully set forth below.

## COUNT III – DAMAGES

36.    Plaintiffs restate and incorporate all of the preceding paragraphs as if repeated verbatim herein.

37.    As a direct and proximate result of Defendants' negligence and fraud the Plaintiffs suffered significant damages as more fully set forth below:

a)  Criminal Indictment;

b)  Lost income;

c)  Loss of business;

d)  Legal fees;

e)  Penalties;

f)   Emotional damages;

g)  Exemplary Damages for the acts of Fraud; and,

h)  Other damages to be determined.

WHEREFORE, Plaintiffs hereby ask this Honorable Court to enter a judgment in their favor in an amount which is fair and just, including attorney fees and costs.

8

Respectfully submitted;

CHARFOOS & CHRISTENSEN, P.C.

By: J. Douglas Peters (P25686)
Attorney for Plaintiffs
5510 Woodward Avenue
Detroit MI 48202
(313) 875-8080

Dated:  November 20, 2009

9

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

FINANCIAL RESOURCES GROUP, LLC,
a St. Thomas, Virgin Island corporation
and ANTHONY MERLO, an Individual,

       Plaintiffs,

vs.

JOHN A. CAMPBELL, Esq. and MILLER,
CANFIELD, PADDOCK & STONE, PLC,
a Michigan corporation,

       Defendants.

FINANCIAL RESOURCES GROUP LLC , e
Hon. Robert J Colombo, Jr.          11/20/2009

09-028693-NM

---

CHARFOOS & CHRISTENSEN, P.C.
By:  J. DOUGLAS PETERS (P25686)
Attorney for Plaintiff
5510 Woodward Avenue
Detroit Michigan 48202
(313) 875-8080 / (313) 875-8522-Fax

---

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues of this matter.

       Respectfully submitted;
       CHARFOOS & CHRISTENSEN, P.C.

       By:  J. Douglas Peters (P25686)
       Attorneys for Plaintiffs
       5510 Woodward Avenue
       Detroit MI 48202
Dated:  November 20, 2009       (313) 875-8080

10